CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 20 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFERY ALLEN HART, | CASE NO. 7:12CV00277 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| v. | |
| COMMONWEALTH OF TAZEWELL COUNTY, VIRGINIA, | By: Glen E. Conrad<br>Chief United States District Judge |
| Respondent. | |

Jeffery Allen Hart, a Virginia inmate proceeding pro se, filed a pleading he styled as "MOTION TO VACATE A 'VOID AB INITIO' CONVICTION AND SENTENCE PURSUANT TO VA. CODE § 8.01-428." Hart now objects to the court's construction of his motion as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. As the state law provision on which Hart relies does not authorize this federal court to review the validity of his claims that he is wrongfully confined under a state court criminal judgment, the court dismisses Hart's petiton without prejudice.

Hart filed his "MOTION TO VACATE A 'VOID AB INITIO' CONVICTION AND SENTENCE PURSUANT TO VA. CODE § 8.01-428" on June 22, 2012. Because Hart's pleading challenged the validity of his confinement under a criminal judgment entered against him by the Tazewell County Circuit Court, by order entered June 28, 2012, the court liberally construed and conditionally filed Hart's action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. See Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.") The court's order informed Hart that he had not paid the requisite $5.00 filing fee for the action; informed Hart that as a

§ 2254 petition, his pleading appeared to be untimely filed under 28 U.S.C. § 2244(d)(1); and granted him an opportunity to provide any additional evidence regarding the timeliness of his § 2254 petition.

Hart has now submitted what the court construes as his objection to the court's prior construction of his motion as a § 2254 petition. Hart states that he does not want his pleading addressed as a § 2254 habeas petition, because as such, it may well be dismissed as untimely filed under § 2244(d). The court will sustain this objection. Hart insists that the court address his pleading instead as a "Motion to Vacate a Void Ab Initio Conviction and Sentence" under Virginia Code § 8.01-428. This state statute does not authorize this federal court to review the validity of Hart's confinement under a state court criminal judgment.[1] Therefore, the court will terminate the § 2254 case and will dismiss Hart's motion/petition without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 20th day of July, 2012.

/s/ Glen Conrad
Chief United States District Judge

---

[1] Hart also informs the court that he filed a similar motion in the Supreme Court of Virginia, but has recently refiled the motion in the Tazewell County Circuit Court, which appears to be the appropriate forum for Hart's current claims. See ECF No. 3.

2